IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thaddeus Derrick Leverne Smalls, Jr., #245030, <br><br>　　　　　　　Plaintiff, <br><br>vs. <br><br>Warden Levern Cohen; Associate Warden Anthony Burton; Sgt. Roberta Buncombe; Sgt. Mack Willis, II, <br><br>　　　　　　　Defendants. | C/A No. 8:14-1887-RBH-JDA <br><br><br>REPORT AND RECOMMENDATION <br><br>*for partial disposition* |

Thaddeus Derrick Leverne Smalls, Jr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Ridgeland Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Defendants Warden Levern Cohen, Associate Warden Anthony Burton, and Sgt. Roberta Buncombe should be summarily dismissed from this action without service of process.

Background

Plaintiff's claim against Defendants Warden Levern Cohen, Associate Warden Anthony Burton, and Sgt. Roberta Buncombe is based on alleged unconstitutional prison conditions in violation of the Eighth Amendment.[1] [Doc. 1 at 3–5; Doc. 1-5.] Specifically, Plaintiff alleges the following facts related to 77 days he spent in the Beaufort A Unit beginning on June 12, 2013. On June 3, 2013, persons in Beaufort A Unit created a riot that caused lots of damage, and someone was shot. [Doc. 1 at 4.] The warden announced

---

[1] In the Complaint, Plaintiff alleges factual allegations related to acts or omissions by Sgt. Mack Willis, II, concerning an excessive force claim. This Court does not set forth those facts herein because service of process is authorized for him. Thus, only certain facts related to the claim against the remaining Defendants are set forth herein.

that no person was to move in or out of Beaufort A Unit until the riot situation was settled. [*Id.*] On June 12, 2013, Plaintiff was moved into Beaufort A Unit, and Lt. Housey told Plaintiff it was unclear why he was moved there at that time; Plaintiff wrote requests to staff to Warden Cohen and Associate Warden Burton to inquire why he was moved there, but they did not answer him directly. [*Id.* at 4–5.] He remained there for 77 days, and the conditions were such that he "took (1) shower once a week and was fed bag lunches for my meals." [*Id.* at 5.] On July 12, 2013, the inmates involved with the riot were convicted, and Plaintiff had nothing to do with it. [*Id.*] As a result of the prison conditions during the 77 days, he "was placed on mental status, dealing with being, depressed, oppressed, stressed out, paranoia, anger. Never was I placed on mental health status or was requested to mental health." [*Id.*] Liberally construed, Plaintiff requests damages in an unspecified amount. [Doc. 1-5.] He also requests a transfer and for this Court to "address[] the known defendants in this case about my constitution (sic) rights and develop a program to instruct them on their behavior as a professional correctional worker." [*Id.*]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff

2

is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To allege a cause of action that prison conditions violate the Eighth Amendment, a plaintiff must show (1) a serious deprivation of a basic human need, and (2) deliberate indifference to prison conditions on the part of prison officials. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that adequate food, clothing, shelter, and medical care must be provided to inmates); *Fuller v. Cnty. of Charleston*, 444 F. Supp. 2d 494, 497–98 (D.S.C. 2006). Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by

both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).  Plaintiff's alleged facts do not state a plausible claim for violation of the Eighth Amendment because one shower per week for a 77-day period is not a serious deprivation of a basic human need, and, notably, no personal injury is alleged as a result of lack of showers.  Courts have determined that restrictive showering opportunities, such as one shower per week, do not violate the Constitution.  *See Blackburn v. South Carolina*, C/A No. 0:06-2011-PMD-BM, 2009 WL 632542, at *17 (D.S.C. March 10, 2009) (denial of a shower for ten days in SMU, and thereafter only allowed to shower on average of approximately once per week, did not violate the Constitution), *aff'd*, 404 F. App'x 810 (4th Cir. 2010).

Further, Plaintiff's claim of inhumane prison conditions because he was fed bag lunches for his meals during the 77-day period fails to state a plausible claim because he does not allege a physical injury or that the meals were nutritionally inadequate. *Cf. Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010); *see also Aubret v. Powers*, C/A No. 0:08-2250-RBH, 2008 WL 4131775, at *2 (D.S.C. Aug. 29, 2008) (summary dismissal was appropriate where the plaintiff failed to allege any injury suffered as a result of the food, and food served cold does not amount to a constitutional violation).  Therefore, Defendants Warden Levern Cohen, Associate Warden Anthony Burton, and Sgt. Roberta Buncombe[2] should be summarily dismissed from this action because Plaintiff fails to state a plausible claim for a violation of the Eighth Amendment against them.

---

[2] Although Plaintiff mentions Roberta Buncombe in the factual section related to his excessive force claim against Willis for using chemical spray, this Court cannot discern any misconduct alleged against Buncombe with respect to the excessive force claim. [Doc. 1 at 3–4.] Based on the alleged facts, she is merely a possible witness. [*Id.*]

Moreover, as to Plaintiff's allegations of mental stress and mental injury resulting from his alleged inhumane prison conditions, the Prison Litigation Reform Act limits Plaintiff's ability to bring a § 1983 claim to recover damages for emotional stress to where he can also show a physical injury.[3]  *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *see also Starr v. Smith*, C/A No. 5:13-1244-RBH, 2013 WL 4021167, at *3–4 (D.S.C. Aug. 6, 2013).  Because Plaintiff does not allege that he suffered from any physical injuries as a result of the alleged inhumane conditions of his confinement for the 77-day period, his § 1983 claim for monetary damages against Defendants Warden Levern Cohen, Associate Warden Anthony Burton, and Sgt. Roberta Buncombe should be dismissed.

### Recommendation

It is recommended that the District Court dismiss Defendants Warden Levern Cohen, Associate Warden Anthony Burton, and Sgt. Roberta Buncombe from this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases

---

[3] There is considerable authority for the proposition that § 1997e(e)'s physical injury requirement is not applicable to § 1983 claims for nominal or punitive damages, or for injunctive or declaratory relief.  *Rivera v. Byars*, C/A No. 8:12-2318-JMC-JDA, 2012 WL 7060756, at *3 n.1 (D.S.C. Sept. 10, 2012) (citing *Mitchell v. Horn*, 318 F.3d 523, 533–34 (3d Cir. 2003)), *adopted*, 2013 WL 504583 (D.S.C. Feb. 12, 2013), *aff'd*, 523 F. App'x 227 (4th Cir. 2013).

to determine whether they are subject to summary dismissal).  This action remains pending, and service of process is authorized for Defendant Mack Willis, II.  **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin<br>United States Magistrate Judge

June 26, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).